COHEN & MENKO, plaintiffs in error, *vs.* THE SOUTHERN EXPRESS COMPANY, defendant in error.

1. This case must be controlled by that of the *Southern Express Company vs. Shea,* 38 Georgia, 519, in which it is laid down that, "when a common-carrier receives and receipts for goods to be transported beyond the terminus of his own line, he undertakes to transport the goods to the point of destination, either by himself or competent agents, and if the goods are lost beyond the terminus of his own line, he will be liable therefor."

2. The owner of the goods cannot hold such agents liable on the contract of bailment.

Common-carriers.    Contracts.    Before Judge HOPKINS. Fulton Superior Court.    April Term, 1871.

Plaintiffs averred that the Southern Express Company was a common-carrier of goods from " Savannah, Georgia, to Atlanta, Georgia," and as such carrier, in New York, in October, 1865, received from them certain goods, (described) to be carried from Savannah, Georgia, and delivered to plain-

tiffs in Atlanta, for a certain reward, and yet behaved so carelessly and negligently as that the said goods were never delivered to them, but wholly lost. The defendant pleaded the general issue; that it received said goods from the Adams Express Company, at Savannah, to be carried to Atlanta, Georgia, under a special contract that it was not to be liable for loss by river navigation; that there was no way for shipping to Atlanta then except by the Savannah river, and that, without its fault, said goods were lost by the sinking of the boat *en route* up said river for Atlanta.

Plaintiffs proved that they bought said goods in New York, and ordered them marked, "Cohen & Menko, Atlanta, Georgia, per Adams Express Company," and to be shipped to Atlanta, but made no special contract that the Adams Express Company was to bring them all the way; indeed, at that time the Adams had its inland terminus in Virginia, and its sea terminus at Savannah, and at these points usually delivered goods to the Southern Express Company, and supposed that this would be done in this case; but they made no contract about the shipment except as aforesaid. They proved the value of the goods, that they were in possession of the Southern Express Company, and that the bulk of them were never delivered. They showed that a small part of them came through, damaged by water; that the Southern Express Company's agents at Atlanta, Georgia, offered to deliver them, at the same time demanding certain heavy charges for wreckage, etc., saying the goods were sunk in the Savannah river, and they declined to accept the damaged goods or to pay the charges. They also showed two circular letters from the agent of the Southern Express Company, at Savannah, asking them to forward their invoices, that he might discover whether any of their goods were saved from said wreck.

The merchants from whom the goods were bought, testified to their value, and that they were instructed to mark and ship as aforesaid, and did so, without making any special contract as to shipment. By another witness they showed that

it was customary for the Southern Express Company when it received goods from the Adams to pay its freight, and upon delivery to collect that and its own charges. This witness also testified that at the time in question, the Adams had an all-rail route from New York to Atlanta, Georgia. They offered to prove that said Express Companies were the same company, having different names. For want of such averment this evidence was rejected.

They then put in evidence the receipts given for the goods by the Adams Express Company. They were all as follows, *mutatis mutandis*:

ADAMS EXPRESS COMPANY.

Great Eastern, Western and Southern Express Forwarders.

NEW YORK, October 26, 1865.

No 13,698.

Received of H. B. C. & Co., one case ......, value ......, marked Cohen & Menko, Atlanta, Georgia, which it is mutually agreed is to be forwarded to our agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation. It is part of the consideration of this contract, and it is agreed that the said Express Company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carrier to whom the same may be by said Express Company entrusted, or arising from the dangers of railroad, ocean or river navigation, steam, fire in store, depots, or in transit, leakage, breakage, or from any cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligence of said Express Company or their servants; nor in any event shall the holder thereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by them and so specified in the receipt, which insurance shall constitute the limit of the liability of the Adams Express Company; and if the same is entrusted or delivered to any other Express

Company, or agent, (which said Adams Express Company are hereby authorized to do) such company or person so selected shall be regarded exclusively as the agent of the shipper or owner, and, as such, alone liable, and the Adams Express Company shall not be in any event responsible for the negligence or non-performance of any such company or person; nor in any event shall said Express Company be liable for any loss or damage, unless the claim therefor shall be presented to them in writing, at the office, within thirty days after this date, with a statement, to which this receipt shall be annexed. All articles of glass or contained in glass, or any of a fragile nature, will be taken at shippers' risk only, and the shipper agrees that the company shall not be held responsible for any injury by breakage or otherwise, nor for damage to goods not properly packed and secured for transportation. It is further agreed that said company shall not, in any event, be liable for any loss, damage or detention caused by the acts of God, civil or military authority, or by rebellion or riot, or the dangers incident to a time of war.

For the company.

McDONOUGH.

Plaintiffs closed. Defendant moved for a non-suit, relying upon Shea's case: 30 Georgia Reports, 579. The non-suit was granted, and that is assigned as error.

P. L. MYNATT, for plaintiffs in error, asked to review Shea's case, 38 Ga. R., 519. There was a privity of contract between plaintiffs and defendant: 8 Tenn. R., 330; 3 East. R., 585; 1st Ch. Pl., 6 & 7; R. Code, sections 3192, 3193; 2 Kernan, N. Y. R., 343; 3 Brod. & Bingh., 177; Ang. on Car., sections 93 and 516. Effect of delivery in New York: 5 Seld. R., 180; 4th, 502; 6 Hill's R., 167. As to ratifying special contract: 9 Ga. R., 70; 12th, 205; 16th, 431; 28th, 544; Story on Agency, sections 250; 8th Gill. & J., 248; *Butler vs. Maples*, 9 Wallace. Contract of shipment is question for the jury: 8 M. & W. R.,

Forsyth *vs.* The Mayor and Council of Atlanta.

422; 4th Seld., 37.    Motion for non-suit admits all facts averred and proved : 15 Ga. R., 491.

A. W. HAMMOND & SON, for defendant, relied on Shea's case, 38 Ga. R., 519, and Mosher's case, 38 Ga. R., 37.

MONTGOMERY, Judge.

This suit is an attempt made to hold the Southern Express Company liable on the contract of bailment, as forwarding agents of the Adams Express Company, of New York. The goods, whose loss is the foundation of the present suit, were shipped from New York to Atlanta, via Savanah, by the Adams Express Company. On the arrival of the goods in Savanah, the *terminus* of the line of the Adams Express Company, that company turned them over to the Southern Express Company, to be transported to Atlanta. The latter company placed them on board a steamboat, running on the Savanah river, to be carried to Augusta, and from thence shipped to Atlanta by rail. On the passage up the river, the boat sunk, and the goods were lost.

The facts bring the case within the principles laid down in *The Southern Express Company vs. Shea,* 38 Ga., 519. We, therefore, affirm the judgment of the Court below.

Judgment affirmed.